IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN AVILA,

        Plaintiff,                  No. CIV S-07-1331 JAM KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court recommends that plaintiff's motion for summary judgment or remand be denied and that the Commissioner's cross-motion for summary judgment be granted.

/////

/////

/////

/////

/////

1

I. <u>Factual and Procedural Background</u>

In a decision dated February 15, 2006, the ALJ determined plaintiff was not disabled for a closed period from October 22, 2002 to August 1, 2005.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has tarsal tunnel syndrome of the left foot and post traumatic arthritis of the left ankle, which significantly limited his ability to perform basic work activities, but do not meet or medically equal a listed impairment; during the closed period, plaintiff retained the ability to perform sedentary work; plaintiff was precluded from performing his past relevant work; and using the Medical-Vocational Guidelines, plaintiff is not disabled.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 <u>et seq</u>. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 <u>et seq</u>. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. <u>See</u> 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

Administrative Transcript ("AT") 26-27.  Plaintiff contends the ALJ improperly discounted record medical opinions, improperly discredited plaintiff, and improperly denied plaintiff the right to counsel.

II.  Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  Analysis

After setting forth the standards for evaluating whether an ALJ has properly rejected an examining or treating physician's opinion, plaintiff argues in a single line: "The

treating physicians provided the Claimant with medications for her depression indicating a mental impairment." See Pl.'s Mem. P. & A. at 12:19-20.  Setting aside the fact that this case involves a male plaintiff with foot and ankle problems and that there is no indication in the medical records of any treatment for depression, plaintiff fails to cite any physician's opinion that was wrongfully rejected by the ALJ.  A claim barely contended, unsupported by explanation or authority, may be deemed waived.  See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); see also Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003).  The court deems plaintiff's argument on the issue of the record medical opinions such a "bare contention," at best.  Moreover, upon review of the record, it is readily apparent that the ALJ's opinion is supported by substantial evidence.  AT 23-25; see, e.g., AT 147, 149-152, 180-183, 185, 200; Social Security Ruling 96-9p (sedentary work).

        Similarly, plaintiff advances no real argument in support of his contention that the ALJ improperly assessed plaintiff's credibility.  As with plaintiff's analysis of the record medical opinions, plaintiff's argument here consists of the unsupported assertion that "[t]here is nothing in the record to support the ALJ's conclusion that the [plaintiff's] testimony is not fully credible or that the claimant's daily activities evidenced an ability to engage in substantial gainful employment."  Pl.'s Mem. P. & A. at 13:19-21.  The court finds plaintiff's unsupported assertion utterly belied by the record.  The ALJ set forth sufficient reasons for discrediting plaintiff's allegations of an inability to perform even sedentary work and those reasons are supported by substantial evidence.  AT 25-26, 95, 98, 149, 295-297.

        Finally plaintiff contends, again in one sentence and without citation to any legal authority, that he was improperly denied the right to counsel.  Pl.'s Mem. P. & A. at 14:7-8.  The record discloses no prejudice that resulted from plaintiff's failure to secure legal representation. See generally Graham v. Apfel, 129 F.3d 1420, 1422-23 (11th Cir. 1997) (no constitutional right to counsel in social security proceedings; prejudice must be shown before finding a due process

violation).  Moreover, plaintiff was advised both orally and in writing that the hearing would be postponed only once in order to afford plaintiff an opportunity to obtain counsel and that he would have to be prepared to go forward without representation if counsel was not secured prior to the second, postponed hearing date.  AT 48, 51, 277, 283.  The court finds no error in the ALJ's proceeding with the hearing after postponing it once.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment or remand be denied, and

2. The Commissioner's cross-motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 1, 2008.

_____
U.S. MAGISTRATE JUDGE

006
avila.ss.f&r